UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PASTORE )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FREDERICK J. HANNA & )<br>ASSOCIATES, P.C. )<br>)<br>Defendant ) | Case Number<br><br><br><br>CIVIL COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, William Pastore, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.  Plaintiff, William Pastore, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4. Plaintiff, William Pastore, is an adult natural person residing at 1274 Appalachin Road, Maple Glen, PA 19002-1154.

5. Defendant, Frederick J. Hanna & Associates, P.C. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 1427 Roswell Road, Marietta, GA 30062.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about April 7, 2009, Plaintiff received a letter from the Defendant informing him that they were collecting for a debt owed to FIA Card Services (Bank of America) and that they needed the Plaintiff to contact them to make arrangements to pay his unpaid balance.

8. On or about April 27, 2009, Plaintiff sent a certified letter to the Defendant asking for validation of the debt. **See Exhibit "A" (letter) attached hereto.**

9. On or about April 30, 2009, Plaintiff received the signed return receipt request from the Defendant. The receipt was signed by a "T. Parker". **See Exhibit "B" (signed receipt) attached hereto.**

10. On or about May 7, 2009, Plaintiff received two additional letters from the Defendant in regards to two more accounts owed to FIA Card Services. The letters state that if Plaintiff should fail to contact their office that they will need to consider additional remedies to recover the balance due. **See Exhibit "C" (the letters) attached hereto.**

11 On or about May 15, 2009, Plaintiff's parent's received a call from Defendant's agent, "Mrs. Wright", stating that she was looking for the Plaintiff and that the call was from a debt collector.

12. On or about May 19, 2009, Plaintiff received a call from Defendant's agent, "Mrs. Wright", demanding payment on the balance of the debt due.

13. On or about May 19, 2009, at 3:38 pm, Plaintiff's parent's also received a call from Defendant's agent, "Mrs. Wright", who stated that she needed a call back from the Plaintiff at number 800-450-6575 ext. 3546. Defendant's agent, "Mrs. Wright", again said that the call was in regards to a debt.

14. On or about May 20, 2009, at 1:49 pm, Plaintiff's parents, who are in no way connected to this debt received another call from Defendant's agent, "Mrs. Wright", looking for payment from the Plaintiff.

15. On or about May 20, 2009, Plaintiff sent a second letter to the Defendant demanding validation of the above mentioned debt.  **See Exhibit "D" (letter) attached hereto.**

16. On or about May 26, 2009, at 8:04 am, Plaintiff's parents were contacted again by Defendant's agent, "Mrs. Wright", who this time asked for the Plaintiff or his wife in regards to the outstanding debt.

17. On that same date, May 26, 2009, Plaintiff received back the signed return receipt request from the Defendant, again signed by a "T. Parker".  **See Exhibit "E" (receipt) attached hereto.**

18. On or about May 27, 2009, Plaintiff contacted Defendant's agent, "Mrs. Wright", asking her to stop contacting his sick, elderly parents in regards to this matter. Defendant's agent, "Mrs. Wright", stated that she could continue to call them because she had his father listed as a "co-signer" on the account that she was calling on.

19. Plaintiff told Defendant's agent, "Mrs. Wright", that his father in no way was ever a "co-signer" for him and that he had nothing to do with this debt.  Plaintiff ended the call.

20. To date the Plaintiff has not received anything in writing from the Defendant including the validation that he has requested twice in writing.

21. On or around November 7, 2009, Plaintiff found out that the Defendant had run his credit report on multiple occasions since taking over his account.  Plaintiff worries how this will effect his credit rating.

      a )     August 6, 2009

      b)      May 7, 2009

      c)      May 8, 2009

      d)      May 9, 2009

      e)      May 10, 2009

      f)      May 11, 2009

22.    The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23.    The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

25.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26.    As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I - FDCPA**

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contatced a person more more then once, unless requested to do so |
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | | |
|---|---|---|
| §§ 1692(e) | | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | | Character, amount or legal status of the alleged debt |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(b) | | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Frederick J. Hanna & Associates, P.C. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit;

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

30.     Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

31.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

32.     The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

33.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

34.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

35.     Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

36. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

37. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

38. The foregoing paragraphs are incorporated herein by reference.

39. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

40. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

41. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

  a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

  b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

  42. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

  43. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a. An Order declaring that Defendant violated the UTPCPL;

  b. Actual damages;

  c. Treble damages;

  d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

**V.     JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: December 2, 2009**      BY: **/s/Bruce K. Warren**
Bruce K. Warren, Esq.

**/s/Brent F. Vullings**
Brent F. Vullings, Esq.

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney's for Plaintiff